IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

OMAR KHAYYAM HUMPHREY                                    PLAINTIFF

VERSUS                              CIVIL ACTION NO. 1:15-cv-424-JCG

SOUTH MISSISSIPPI CORRECTIONAL
INSTITUTION, ET AL.                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON SOVEREIGN AND QUALIFIED IMMUNITY (ECF NO. 24)

BEFORE THE COURT are cross-motions for summary judgment: a Motion for Summary Judgment filed by Plaintiff Omar Khayyam Humphrey (ECF No. 22) and a Motion for Summary Judgment Based on Sovereign and Qualified Immunity (ECF No. 24) filed by Defendants Jacquelyn Banks, Marshall Fisher, Marshall Turner, and James Cooksey. Plaintiff Omar Khayyam Humphrey filed a document entitled "Forwarding Letter to Magistrate Judge John C. Gargiulo Concerning Errors in Motion for Summary Judgment of the Defendants" (ECF No. 26), which the Court construes as a response in opposition to Defendants' Motion for Summary Judgment.

Having reviewed the submissions of the parties and relevant law, the Court determines that Defendants' Motion for Summary Judgment (ECF No. 24) should be GRANTED and Plaintiff's Motion for Summary Judgment (ECF No. 22) should be DENIED. All other pending motions (ECF No. 11); (ECF No. 21); (ECF No. 29) will be denied as moot. Plaintiff's claims regarding the propriety of his housing

classification and the prison classification system itself will be dismissed with prejudice for failure to state a claim upon which relief can be granted. Plaintiff's claims that he wrongfully received an RVR will be dismissed without prejudice for failure to exhaust administrative remedies. Because some of Plaintiff's claims are dismissed for failure to state a claim upon which relief can be granted, he will be assessed a strike under 28 U.S.C. § 1915(g). This is Plaintiff's third strike. *See Humphrey v. Murry*, 4:10-cv-132-WAP-SAA (N.D. Miss. Dec. 1, 2010); *Humphrey v. Miss. Dep't of Corr.*, 4:10-cv-81-MPM-DAS (N.D. Miss. Nov. 29, 2010).

## I. BACKGROUND

Plaintiff Omar Khayyam Humphrey is an inmate in the custody of the Mississippi Department of Corrections (MDOC), currently incarcerated at South Mississippi Correctional Institute (SMCI) in Leakesville, Mississippi. On December 28, 2015, Hawkins filed his Complaint (ECF No. 1) against Defendants SMCI, MDOC, Jacquelyn Banks, Marshall Fisher, Marshall Turner, and James Cooksey, alleging violations of his rights provided by the Eighth and Fourteenth Amendments of the United States Constitution and seeking both monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983. Defendants SMCI and MDOC were dismissed pursuant to this Court's February 10, 2016 Order (ECF No. 6). Plaintiff seeks "compensation for every year [he has] been incarcerated in the MDOC under [its] unlawful/unsound classification housing [him] in harm's way," "injunctive relief to revamp the current classification plan," and a transfer to Marshall County Correctional Facility. (ECF No. 1, at 4); (ECF No. 29).

In his Complaint, Humphrey states that he has been – and continues to be – "housed in harm's way" because he is not affiliated with a gang and a majority of the other inmates housed in his unit are affiliated with one of several gangs. (ECF No. 1, at 4). He states that he is "constantly harassed" because he is unaffiliated and, as a result, suffers severe anxiety for which a psychiatrist has prescribed him Buspar, Celexa, and Risperdal. *Id.* Humphrey asserts that he has repeatedly "notified officials of the extortions, assaults and harassment," but that prison officials "turned a death [sic] ear and blind eye to my complaint." *Id.* at 6. He has not personally been assaulted, but says that he has witnessed other unaffiliated inmates get assaulted. *Id.* at 7-8. Due to Defendants' alleged "deliberate indifference" to Humphrey's circumstances, Humphrey states that he is "living in constant fear for [his] safety and life." *Id.* at 6.

In a document entitled "Petition for Preliminary Injunction" (ECF No. 11), Mr. Humphrey recounted an incident that occurred on April 1, 2016, in which he received a Rule Violation Report (RVR) for being in the shower after 10:00 a.m. He did not request relief related to the RVR in this filing, but he did allege that it was wrongfully given in his testimony during the omnibus hearing[1] held on May 31, 2016. He stated that a gang closed off the showers while its members were showering, and he was not able to shower until they were finished, which is why he showered later than inmates are supposed to. However, he has not provided the

---

[1] The Omnibus hearing functioned as a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Court with a copy of the RVR hearing decision and has not indicated what – if any – punishment he received as a result.[2]

On June 17, 2016, Plaintiff filed his Motion for Summary Judgment (ECF No. 22). In his Motion he argues (1) that the material facts are not in dispute; (2) that "the record is clear" that Defendants were deliberately indifferent to his "health, safety, and life when [he] put them on notice" of being "a non-gang member housed in harm's way;" and (3) that "[t]he classification process is 'unsound' due to housing non gang member inmates in harm's way with the 'majority' of gang member inmates and their rivalries." *Id.* at 2-3. Plaintiff avers that he is housed in conditions that violate both the Eight Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's rights to due process of law and equal protection under the law. *Id.* at 3.

On June 30, 2016, Defendants filed their Motion for Summary Judgment based on Sovereign and Qualified Immunity (ECF No. 24). Defendants do not challenge the factual assertions in Plaintiff's Complaint, but assert that his allegations fail to state claims for which relief can be granted. Specifically, Defendants argue (1) that to the extent Plaintiff seeks monetary damages from Defendants in their official capacities, such claims are barred by Eleventh Amendment sovereign immunity, and (2) that to the extent Plaintiff seeks (a) monetary relief from Defendants in their individual capacities or (b) injunctive

---

[2] This is likely because the exhibits Humphrey submitted with his "Petition for Preliminary Injunction" indicate that his Administrative Remedy Program complaint regarding this incident was rejected on the grounds that he presented two separate issues, which needed to be submitted in two separate complaints. (ECF No. 11-1, at 8).

relief from Defendants in either their individual or official capacities, Defendants are entitled to qualified immunity because Plaintiff has failed to allege a violation of his constitutional rights. (ECF No. 25, at 4-11). Plaintiff filed a response in opposition (ECF No. 26) to Defendants' Motion for Summary Judgment on July 13, 2016, in which he reiterates the arguments made in his own Motion for Summary Judgment.

## II. DISCUSSION

### A. Summary Judgment

Summary Judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which they believe demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-25. If the movant carries this burden, the burden shifts to the non-moving party to show that summary judgment should not be granted. *Id.* at 324-25.

The Plaintiff may not rest upon mere allegations in his Complaint, but must set forth specific facts showing the existence of a genuine issue for trial. *Abarca v. Metro Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). In the absence of any proof, the Court will not assume that Plaintiff "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

B. <u>The Prison Litigation Reform Act</u>

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the United States Code), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

If a prisoner is proceeding *in forma pauperis*, and his complaint is dismissed on grounds that it is frivolous, malicious, or fails to state a claim, the dismissal counts as a strike. 28 U.S.C. § 1915(g). If a prisoner receives three strikes, he may

no longer proceed *in forma pauperis* in a civil suit unless he is in imminent danger of serious physical injury. *Id.*

C. <u>Analysis</u>

Given that Defendants' Motion for Summary Judgment does not dispute Plaintiff's factual allegations, the record is ripe for summary judgment. Plaintiff asserts (1) that he is unconstitutionally housed as an unaffiliated inmate among gang-affiliated inmates and (2) that he was wrongfully given an RVR for taking a shower after the bathroom was closed by staff at 10:00 a.m. Defendants claim they are entitled to sovereign immunity and qualified immunity as to Plaintiff's claims.

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Salinas v. Tex. Workforce Comm'n*, 573 F. App'x 370, 372 (5th Cir. 2014) (quoting *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 980 (5th Cir. 1986)). The State of Mississippi has not waived sovereign immunity for lawsuits filed in federal court. *See* Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.") "The Eleventh Amendment also 'generally precludes actions against state officers in their official capacities." *Salinas*, 573 F. App'x at 372 (quoting *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004)). However, an exception exists for "suits seeking prospective relief for violations of federal law against state officers in their official capacity." *Id.* (citing *Ex Parte Young*, 209 U.S. 123 (1908)).

7

MDOC is an arm of the state and its officers and employees are therefore employees of the state. *Reeves v. King*, No 1:13-cv-492-KS-MTP, 2015 WL 4616865, at *3-4 (S.D. Miss. Feb. 4, 2015). To the extent that Plaintiff seeks monetary damages against Defendants in their official capacities, these claims are barred by sovereign immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Accordingly, a government official is entitled to immunity from suit unless (1) a plaintiff has made allegations sufficient to show a violation of a constitutional right, and (2) the right at issue was "clearly established" at the time of the official's alleged misconduct. *Id.* at 232 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

Plaintiff's claim seems to be premised upon three causes of action: failure to protect him from harm in violation of the Eighth Amendment, that his housing amongst gang members violates the Due Process Clause of the Fourteenth Amendment, and that his housing amongst gang members violates the Equal Protection Clause of the Fourteenth Amendment.

<u>Defendants did not fail to protect Plaintiff from harm</u>

In order to prevail on a claim that prison officials failed to protect an inmate from harm, the Plaintiff must establish (1) "that he [was] incarcerated under

conditions posing a substantial risk of serious harm" and (2) that the jail official's state of mind towards inmate's health or safety was one of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Proving deliberate indifference requires showing that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff cannot meet the first prong for establishing deliberate indifference; namely, that he was subjected to a substantial risk of serious harm. Plaintiff alleges that his life is in danger, but substantiates this assertion with only the fact that he is not gang-affiliated and is housed in a unit with more gang members than unaffiliated inmates. Plaintiff alleges that he is likely to be caught in the middle of gang rivalries, and he testified at his omnibus hearing that the gang members in his unit have issued general warnings to unaffiliated members to obey "house rules," such as to abstain from using the showers while their gang members shower.

Plaintiff has admittedly suffered no physical harm. (ECF No. 1, at 8). He alleges mental harm due to the stress of his circumstances, but the PLRA bars "claims for mental or emotion injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Although Plaintiff need not suffer actual injury in order to be entitled to prospective, injunctive relief, he has not demonstrated that he is subjected to a substantial risk of serious harm. *See Farmer*, 511 U.S. at 845.

Plaintiff has not identified any specific threats made to him by any specific individuals, only a generalized danger posed by proximity to gang members and gang activity.[3]

Gangs are an unfortunate but unavoidable presence in prison life. *See Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 132 S. Ct. 1510, 1518 (2012)*; Lewis v. Richards*, 107 F.3d 549, 557 (7th Cir. 1997) (Flaum, J., concurring); *Depriest v. Walnut Grove Corr. Auth.*, No. 3:10-CV-663-CWR-FKB, 2015 WL 3795020, at *13 (S.D. Miss. June 10, 2015), *appeal dismissed sub nom. Depriest v. Fisher*, No. 15-60488, 2016 WL 5400415 (5th Cir. Sept. 27, 2016). In order to address safety concerns, such as those posed by gangs, "[p]rison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." *Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003) (quoting *McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990)). Indeed, "it is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status.'" *Id*. (quoting *McCord*, 910 F.2d, at 1250). Without any evidence that the practice of housing gang-affiliated inmates and unaffiliated inmates in the same unit subjects Plaintiff to a substantial risk of harm, the Court will not second guess the decision of MDOC officials to do so.

---

[3] Plaintiff is familiar with and has been advised to use the "red tag" or keep-separates system, by which one inmate can "red tag" another individual, adding that individual to the inmates keep-separates list. Prison officials ensure that other individuals on an inmate's keep-separates list are not housed in the same unit. There are four persons on Plaintiff's keep-separates list (ECF No. 24-1, at 2), but Plaintiff refuses to add any gang members to his list because he fears retaliation for doing so. *See* (ECF No. 26, at 2).

Plaintiff has no protected liberty interest in his housing classification

A prisoner has no protectable liberty interest in his classification by prison officials, which is based upon his criminal history before incarceration. *Wilkerson v. Stadler*, 329 F.3d 431, 435-36 (5th Cir. 2003). Additionally, the Constitution neither requires that a convicted prisoner be placed in any particular prison nor protects a prisoner against transfer from one institution to another within the state prison system. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). However, confinement for violations of prison disciplinary rules may create a Fourteenth Amendment liberty interest. *Id.* A prisoner's liberty interest is "generally limited to freedom from restraint, which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Plaintiff does not allege that his housing assignment at SMCI is even in part punishment for violation of prison disciplinary rules. His housing assignment appears to be solely the product of MDOC's classification system. He requested to be transferred to Marshall County Correctional Facility in order to be closer to his family in Tate County, Mississippi, *see* (ECF No. 24-2, at 19), but that does not implicate any constitutional right. And to the extent that Plaintiff challenges his custody classification, he has no protectable liberty interest in his classification by prison officials. *Wilkerson*, 329 F.3d, at 435-36.

<u>Plaintiff has failed to allege a violation of the Equal Protection Clause</u>

"The equal protection clause essentially requires that all persons similarly situated be treated alike." *Mahone v. Addicks Util. Dist. of Harris Cnty.,* 836 F.2d 921, 932 (5th Cir. 1988). A plaintiff may bring an equal protection claim as a member of a group or as a "class of one." *Lindquist v. City of Pasadena,* 669 F.3d 225, 233 (5th Cir. 2012). To establish an equal protection violation, a plaintiff must prove intentional discrimination. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.,* 40 F.3d 698, 714–15 (5th Cir. 1994). If an equal protection claim does not involve a suspect class or a fundamental right, courts review state action using a rational basis test. *Delahoussaye v. City of Iberia,* 937 F.2d 144, 149 (5th Cir. 1991). Differential treatment survives rational basis scrutiny if the classification is rationally related to achieving a legitimate government interest. *Id.* The actual reason for a state action is irrelevant for claims reviewed under rational basis scrutiny and will be upheld if "any state of facts reasonably may be conceived to justify [its discrimination]." *McGowan v. Maryland,* 366 U.S. 420, 426 (1961)). The burden is on the plaintiff to negate "every conceivable basis which might support [the classification]." *Heller v. Doe,* 509 U.S. 312, 320 (1993) (internal citation omitted).

Plaintiff alleges that he has been discriminated against as an unaffiliated inmate because he is housed among gang-affiliated inmates and is therefore "in harm's way." (ECF No. 1, at 6). He says that unaffiliated inmates are the "minority" on his unit. He asserts that he is entitled to "the same rights as individuals similarly situated." *Id.* However, even if Plaintiff's assertions are assumed to be

true, it is not clear how MDOC or its officials are discriminating against non-affiliated inmates by housing them with gang-affiliated inmates. Plaintiff has not asserted that MDOC treats unaffiliated inmates differently from gang-affiliated inmates. His statements about the imposition of house rules by gang-members implicate actions taken by other inmates, not actions taken by prison officials. Accordingly, Plaintiff has failed to assert that unaffiliated inmates are subjected to differential treatment, and he has failed to assert a violation of the equal protection clause.

<u>Plaintiff failed to exhaust available administrative remedies before challenging his RVR for using the showers after they were closed</u>

The PLRA requires an inmate to exhaust all available administrative remedies before filing suit in federal court. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C.§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Proper exhaustion is required. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84.

The Mississippi Code grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. MDOC has implemented an Administrative Remedy Program (ARP) through which

prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration. *See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program. Effective September 19, 2010, the ARP is a two-step process. *See Threadgill v. Moore*, No. 3:10-cv-378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011).

Although "failure to exhaust is an affirmative defense under the PLRA," and inmates are therefore "not required to specifically plead or demonstrate exhaustion in their complaints," a complaint is nonetheless "subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *see also Torns v. Miss. Dep't of Corr.*, 301 F. App'x 386, 388 (5th Cir. 2008). "One way in which a complaint may show the inmate is not entitled to relief is if it alleges facts that clearly foreclose exhaustion. In such a case, the district court may sua sponte dismiss the complaint for failure to state a claim." *Torn*, 301 F. App'x at 388-89 (citing *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)).

Defendants do not argue that Plaintiff failed to exhaust his administrative remedies with regard to the RVR he received for using the showers after they were closed at 10:00 a.m.,[4] but Plaintiff's allegations indicate that he has clearly failed to exhaust administrative remedies with regard to this claim before filing suit. Plaintiff filed the instant law suit on December 28, 2015. Plaintiff testified at the

---

[4] Defendants argue that Plaintiff has failed to allege a violation of the Due Process Clause of the Fourteenth Amendment in challenging his RVR because he has not asserted any resulting punishment that could have infringed upon a liberty interest. While this is likely true, the Court was never presented with a copy of the RVR hearing decision or otherwise made aware of the punishment Plaintiff received. Accordingly, the Court cannot rule determinatively on the merits of this issue.

omnibus hearing, asserts in his "Petition for Preliminary Injunction" (ECF No. 11, at 1-2), and asserts in his Motion for Summary Judgment (ECF No. 22, at 4) that he received the subject RVR on April 1, 2016. Further, he stated in his "Petition for Preliminary Injunction" that "[t]he RVR is currently on appeal and will be forwarded to this court for review." (ECF No. 11, at 1). Plaintiff could not have possibly exhausted this claim, which is related to events that had not yet transpired on the date he filed suit. This claim will be dismissed without prejudice.

## III. CONCLUSION

Plaintiff Omar Khayyam Humphrey has failed to allege that Defendants Jacquelyn Banks, Marshall Fisher, Marshall Turner, and James Cooksey infringed upon either his Eighth Amendment or Fourteenth Amendment rights. Defendants are therefore entitled to (1) sovereign immunity with regard to claims against them in their official capacities for monetary damages and (2) qualified immunity with regard to his remaining claims (with the exception of the claim regarding the RVR). Defendants' Motion for Summary Judgment (ECF No. 24) will therefore be granted and Plaintiff's Motion for Summary Judgment (ECF No. 22) will be denied.

Accordingly, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment Based On Sovereign and Qualified Immunity (ECF No. 24) filed by Defendants Jacquelyn Banks, Marshall Fisher, Marshall Turner, and James Cooksey is **GRANTED** and the Motion for Summary Judgment (ECF No. 22) filed by Plaintiff Omar Khayyam Humphrey is **DENIED**. Plaintiff's claims regarding his housing among gang-affiliated inmates are dismissed with prejudice for failure to

state a claim upon which relief can be granted. Plaintiff's claim regarding the RVR he received for using the showers after they were closed on April 1, 2016 is dismissed without prejudice for failure to exhaust administrative remedies. Because some of Plaintiff's claims are dismissed for failure to state a claim, he is assessed a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the remaining pending motions – Petition for Preliminary Injunction (ECF No. 11); Motion to Supplement Pleadings with Supporting Case Law (ECF No. 21); Letter Motion for a Transfer from SMCI to Marshall County Correctional Facility (ECF No. 29) – all of which were filed by Plaintiff, are **DENIED** as moot.

**SO ORDERED AND ADJUDGED**, this the 22nd day of February, 2017.

s/ John C. Gargiulo
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE